IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN DEWAYNE JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-07-223-M |
| v. | ) |
| | ) |
| ERNIE CURRIER, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff seeks monetary and equitable relief for alleged constitutional and state law violations related to his "arrest" by Garfield County Sheriff's Department officials in February 2005. Named as Defendants are the mayor of Enid, Oklahoma, the Sheriff of Garfield County, Oklahoma, two Garfield County deputy sheriffs, and two detention officers employed at the Garfield County Detention Center The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed with prejudice.

I. Initial Review under 28 U.S.C. §§1915A and 1915(e)(2)(B)

1

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b).  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines one of the above is present.

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).[1]  In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id.   A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized

---

[1] The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

legal claim could be based." Hall, 935 F.2d at 1110.  The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Failure to State a Claim of Unlawful Arrest and Detention

In his Complaint, Plaintiff asserts that on or about February 22, 2005, he was arrested and detained without a warrant by Garfield County Deputy Sheriff Jon Marshall, that no probable cause determination was made, that he was not taken before a judge or magistrate for an initial appearance, and that he was subsequently transferred to the Lexington Assessment and Reception Center and later to the Lawton Correctional Facility, where he has been incarcerated since March 2005.  Plaintiff contends that these actions by Defendants have violated his fourth and fourteenth amendment rights and also violated Okla. Stat. tit. 22, § 192 (requiring that arresting officer inform defendant that arrest is pursuant to warrant and show the warrant within a reasonable time upon request).

Public records reflect that Plaintiff is incarcerated in the custody of the Oklahoma Department of Corrections ("DOC") serving two, concurrent, twelve-year terms of imprisonment for his convictions for Distribution of Controlled Dangerous Substance Within 2,000 Feet of a School entered in the District Court of Garfield County, Case Nos. CF-2003-480 and CF-2003-481, and that Plaintiff began serving these sentences on February 24, 2005. http://docapp8.doc.state.ok.us (offender information for Steven D. Jenkins, DOC # 186180, accessed March 19, 2007).

Public records of the District Court of Garfield County reflect that Judgments and Sentences were entered in these cases in the District Court of Garfield County on February 23, 2004. The Judgments and Sentences show that on December 22, 2003, Plaintiff entered a guilty plea in each case to a charge of Distribution of Controlled Dangerous Substance Within 2,000 Feet of a School, that Plaintiff was convicted of these felony charges, and that Plaintiff was sentenced to serve twelve-year terms of imprisonment in each case, to run concurrently with each other and with Plaintiff's "current federal case in Texas." http://www.oscn.net (Docket sheets and Judgments and Sentences in District Court of Garfield County, Case Nos. CF-2003-480 and CF-2003-481, accessed March 19, 2007). Plaintiff unsuccessfully sought post-conviction relief with respect to these convictions and sentences. The Oklahoma Court of Criminal Appeals ("OCCA") entered an Order Affirming Denial of Post-Conviction Relief on September 6, 2006, in Steven D. Jenkins v. State of Oklahoma, Case No. PC-2006-842. http://www.oscn.net (Docket sheets in District Court of Garfield County, Case Nos. CF-2003-480 and CF-2003-481, and OCCA's Order accessed March 19, 2007).

Considering Plaintiff's pleadings and taking judicial notice of the foregoing public records, Van Woudenberg v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000), cert. denied, 531 U.S. 1161 (2001), abrogated on other grounds by McGregor v. Gibson, 248 F.3d 946, 955 (10th Cir. 2001), Plaintiff has alleged only that a Garfield County Sheriff's Department official took Plaintiff into custody in February 2005 pursuant to the Judgments and Sentences entered against him in the District Court of Garfield County and transferred him to the

custody of DOC to begin serving his previously-imposed sentences. This action by the Garfield County officials does not constitute either an unlawful arrest or an arrest without a warrant requiring a probable cause determination for detention purposes. Consequently, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983. Plaintiff's cause of action under 42 U.S.C. § 1983 should therefore be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Because Plaintiff has failed to state a claim for relief under the federal statute giving rise to this Court's exercise of original jurisdiction, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim based on an alleged violation of Okla. Stat. tit. 22, § 192. 28 U.S.C. § 1367(c).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___April 9th___, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ____20th____ day of ____March____, 2007.

*[signature: Gary M. Purcell]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE